# 𝕮𝖆𝖘𝖊𝖘

# FIRST DEPARTMENT

AT

# GENERAL TERM,

## 𝕵𝖚𝖑𝖞, 1874.

CHARLES E. BERRIAN, RESPONDENT, v. JOSEPHINE E. SANFORD, APPELLANT.

*Parol evidence of contents of memorandum — Referee — right to reserve decision, as to admission or rejection of evidence.*

The plaintiff and defendant entered into an agreement for the exchange of certain property, whereby the defendant was, among other things, to deliver seven horses to the plaintiff. One of the horses having died, before its delivery, it was agreed that the defendant should deliver another horse; or, in case of her failure so to do, that she should pay the plaintiff $300, though the latter alternative was denied by the defendant. This action was brought upon the second agreement.

Upon the trial, the plaintiff testified, that, before entering into the contract of exchange, a memorandum was made of the defendant's property, each item thereof being valued, which memorandum was the basis of the exchange. He then testified, against the defendant's objection and exception, that the horse which died, was set down therein at $300. *Held,* that this was error; that the memorandum was the best evidence of its own contents, and that it should have been produced or accounted for.

Where a referee receives evidence objected to, reserving the question of its admissibility, he ought, before closing the case, to make his final ruling, receiving or rejecting the evidence, and advise the parties, so that proper exception may be taken. Failing to do this, the court, on motion, might open the case and send back the report, or, on appeal, treat the action of the referee as error, when

the evidence was so far material that it may have had some influence on his findings.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The referee found that the parties to this action, entered into a written agreement for the exchange of certain property, whereby the defendant agreed, among other things, to deliver to the plaintiff seven horses. Prior to their delivery, one of them died. The defendant thereupon entered into another agreement with the plaintiff, to deliver to him another horse, of equal value, in place of the one that died, or to pay him $300. The defendant denied that any sum had ever been agreed upon to be paid in case the horse was not delivered, and alleged that another horse had been delivered to, and accepted by the plaintiff in lieu of the one that died. Other facts appear in the opinion.

*Whitehead H. Van Wyck*, for the appellant.

*Hatch & Beneville*, for the respondent.

DAVIS, P. J.:

There were several errors committed by the referee upon the trial, some of which are fatal to the recovery.

The plaintiff testified that the parties, before making the contract of exchange which was put in evidence, made a memorandum of the defendant's property, and a valuation of the several items, which was the basis of the subsequent trade. He was allowed, against defendant's objection and exception, to testify that in this memorandum, the horse which subsequently died, was set down at $300. This evidence, although collateral, was material. The action was upon an alleged agreement to deliver any equally valuable horse or pay $300, and, of course, the fact that the parties had, before the trade, mutually appraised the horse at that sum, as a basis of the contract, was material upon the disputed question whether defendant, after the death of the horse, had agreed to deliver another or pay $300. The memorandum of the parties was the best evidence of its own contents. The defendant testified that no such memorandum was made. It should have been produced or accounted for. The objection to oral evidence of its contents was well taken, and should have been sustained.

The practice of referees in receiving testimony objected to, and reserving the question of its admissibility, without passing upon the objection, was commented upon and disapproved in *Sharpe* v. *Freeman*,[*] and condemned in *Clussman* v. *Merkel*.[†] The reservation itself is probably not error, but the referee ought, before closing the case, to make his final ruling, receiving or rejecting the evidence and advise the parties, so that proper exception may be taken. Failing to do this, the court, on motion, might with propriety open the case and send back the report, so that the ruling may be made and due exception taken; or, on appeal, treat the action of the referee as error, where the evidence given is so far material that it may have had some influence on the findings and conclusion of the referee.

In this case, however, the evidence taken under the reserved decision, was not so material to any disputed question, that this court would reverse the judgment on that ground.

It was error to exclude the questions put to Sanford. The plaintiff had testified that Sanford had said to him that the horse had died, and that they would give him another horse worth $300, or $300 in money. On redirect examination, Sanford was asked whether anything was said to plaintiff about paying any money for the horse that died, and whether plaintiff said anything to him about receiving $300 for the dead horse. These questions were ruled out, and defendant excepted. There was no ground for their exclusion.

It was error, also, to exclude the question to the witness Skidmore. This witness was recalled, and stated that "he recollected more vividly," matters as to which he had given testimony. He was asked, "From what facts you now remember, can you state positively whether Berrian accepted that horse or not?" This question was objected to and excluded, and defendant excepted. No special ground of objection was assigned, and it appears to have been ruled out for general incompetency. We think the ruling was not correct.

We are not disposed to pass upon the question whether the findings of the referee were not against evidence. The witnesses were before him, and his opportunities to judge of their credibility were

such as the printed papers do not afford to us. There must be a new trial, with costs to abide event.

DANIELS and BRADY, JJ., concurred.

New trial ordered, with costs to abide the event.